**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Capital Management Investors Holdings, Inc., ) ) ) Plaintiff, ) ) vs. ) ) Grant D. Seeger, ) ) Defendant. ) ) | No. 07-0409-PHX-DGC **ORDER** |

Defendant Grant D. Seeger has filed a motion to stay this action pending resolution of an arbitration proceeding he has filed against Plaintiff. Dkt. #9. Plaintiff Capital Management Investors Holdings, Inc., has filed a motion to stay the arbitration. Dkt. #13. The Court has reviewed the memoranda filed by the parties. Dkt. ##9-10, 13-15. For the reasons stated below, the Court will grant Defendant's motion and deny Plaintiff's motion.[1]

**I.     Background.**

Defendant incorporated Security Trust Company ("STC") in 1991. Dkt. #2-2 at 3. Plaintiff and Defendant entered into a Liquidity Agreement and an Employment Agreement on November 10, 1999, whereby Plaintiff acquired all of STC's stock and Defendant

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

received 39.6% of Plaintiff's stock. *Id.*[2] Both agreements contained arbitration clauses that required the parties to settle any dispute arising from the agreements by arbitration through the American Arbitration Association ("AAA"). *Id.* The Liquidity Agreement also contained a section entitled "Put Rights" which provided that Defendant could require Plaintiff to purchase all or part of his stock at a predetermined Put Repurchase Price. Dkt. #2-2 at 4.

In 2005, Defendant pled guilty to criminal charges filed by the State of New York for his role in using STC to conceal illegal late-trading and market-timing activities. *See* Dkt. #13 at 2-3. The Office of the United States Comptroller of the Currency ("OCC"), Securities and Exchange Commission, and Department of Labor brought actions against STC. Dkt. #13 at 3. Only the SEC lawsuit listed Defendant as a party.

The OCC claim was brought against Plaintiff and STC. The litigation terminated when the OCC issued two Consent Orders. Dkt. ##2-7 at 6; 2-8 at 2. These Orders required that "within seven (7) days from the effective date of this Order, [Plaintiff] shall terminate or rescind any obligation of [Plaintiff] owed to [Defendant] . . . arising by virtue of contract or otherwise." Dkt. ##2-7 at 9; 2-8 at 5.

On November 5, 2003, Plaintiff notified Defendant by letter that it was rescinding all obligations owed to Defendant, including but not limited to those under the Liquidity Agreement. Dkt. #2-3 at 24-25. Defendant replied with a letter to Plaintiff indicating that Plaintiff had not rescinded its obligations properly and exercising his "right to require [Plaintiff] to purchase all of [his] Executive Stock at the Put Repurchase Price pursuant to Section 4A(i) of the Agreement." *Id.* When Plaintiff did not comply with Defendant's attempt to exercise his put rights, Defendant filed a demand for arbitration with the AAA. The demand alleges that Plaintiff has breached the Liquidity Agreement. Dkt. #9 at 1.

---

[2] Plaintiff is actually the successor in interest to Convergent Capital Management, Inc., which was the company that entered into the agreements with Defendant. Dkt. #2-2 at 2. For purposes of this order, the Court will refer to both Convergent Capital Management and Capital Management Investors Holdings as "Plaintiff."

1  Specifically, Defendant alleges that Plaintiff breached the Liquidity Agreement by failing to
2  acknowledge his exercise of Put Rights under the agreement and by failing to rescind
3  properly. Dkt. #2-2 at 3-8.
4        Plaintiff then filed this action, seeking a stay of arbitration and a declaratory judgment
5  that Plaintiff has no obligations to Defendant under the Consent Orders. Plaintiff's complaint
6  also alleges breach of the Employment Agreement. Dkt. #2. In support of the stay request,
7  Plaintiff argues that the requirement in the Consent Orders that Plaintiff rescind any
8  obligation owed to Defendant includes any obligation to submit to arbitration. *Id*. at 5.

**II.  Discussion.**

10        Defendant argues, and Plaintiff does not dispute, that the Consent Orders issued by
11  the OCC functioned similarly to a consent decree (Dkt. #10 at 6), which is "primarily a
12  means by which parties settle their disputes without having to bear the financial and other
13  costs of litigating." *Local Number 93, International Assoc. of Firefighters, AFL-CIO C.L.C.*
14  *v. City of Cleveland*, 478 U.S. 501, 528 (1986). A consent decree may not "impose[]
15  obligations on a party that did not consent to the decree." *Id*. at 529. Stated differently, "[a]
16  judgment or decree among parties to a lawsuit resolves issues as among them, but it does not
17  conclude the rights of strangers to those proceedings." *Martin v. Wilks*, 490 U.S. 755, 762
18  (1989), *superseded on other grounds by* 42 U.S.C. § 2000e (The Civil Rights Act of 1991).
19  A narrow exception to this general rule holds that third parties may be bound by consent
20  decrees if their interests were adequately represented by someone with the same interests.
21  *Id*. n.2.
22        Defendant asserts that he was not a party to the Consent Orders and that no party
23  adequately represented his interests in the OCC action. Dkt. #10 at 6. Plaintiff does not
24  dispute these assertions. Thus, the Consent Orders did not alter Defendant's rights.
25        The Consent Orders required Plaintiff to terminate or rescind its obligations to
26  Defendant, but the Orders did not themselves purport to effectuate the termination or
27  rescission. (Nor could they, given the fact that Defendant was not a party to or represented
28  in the OCC lawsuit.) Rather, Plaintiff was required to effectuate the termination or

- 3 -

1 rescission, presumably through provisions of the Agreements or applicable state law 2 permitting such termination or rescission. Thus, whether or not Plaintiff's rescission of the 3 Liquidity Agreement was effective is not a question to be decided by looking to the Consent 4 Orders, but instead by looking to applicable provisions of the Agreement or state law.

5 The Court concludes that this issue – whether the Liquidity Agreement has been 6 properly rescinded by Plaintiff – is subject to the arbitration clause of the Liquidity 7 Agreement. That clause applies to "any dispute arising out of or relating to this Agreement, 8 or any breach thereof," language broad enough to encompass the question of whether the 9 Agreement has been properly terminated. Dkt. #2-4, ¶ 6J.

10 This conclusion comports with the strong federal presumption in favor of arbitration. 11 *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). Indeed, the Supreme 12 Court has instructed that "any doubts concerning the scope of arbitrable issues should be 13 resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 14 U.S. 1, 24-25 (1983).[3]

15 Plaintiff argues that "[a]llowing [Defendant] to pursue payment under arbitration 16 provisions specifically terminated and rescinded by [Plaintiff] pursuant to the Consent Orders 17 directly affects Congress's grant of power to the OCC to enforce the Consent Orders and is 18 therefore not permitted under 12 U.S.C. § 1818(i)." Dkt. #13 at 10. Plaintiff also contends 19 that Defendant's requested arbitration "amounts to a collateral attack on the Consent Orders." 20 *Id.* at 11. The Court does not agree. As explained above, Defendant is challenging 21 Plaintiff's attempted rescission of the Agreement, not the validity or effect of the Consent 22 Orders. Dkt. ##10 at 3, 15 at 3-4. Such a challenge is not an impermissible collateral attack 23 on the Consent Orders. *See Branch v. F.D.I.C.*, 825 F.Supp. 384, 398 (D. Mass. 1993)

---

[3]Defendant alleges in his arbitration claim that Plaintiff breached the Liquidity Agreement by not complying with his put rights under the contract. Dkt. #2-2 at 1. This too is an issue for arbitration.

- 4 -

(attacks on the discretionary execution of a consent order are not attacks on the validity of the order itself).[4]

The Court will stay Count One of Plaintiff's complaint. That count seeks a declaration that Defendant's rights under the Liquidity Agreement have been terminated.

Defendant's motion also asks the Court to stay Count Two of Plaintiff's complaint, which states a claim for Defendant's breach of the Employment Agreement. Count Two alleges that the Employment Agreement remains "a valid, binding contract supported by mutual consideration." Dkt. #2, ¶56. This assertion is plainly inconsistent with Plaintiff's claim that all agreements between Plaintiff and Defendant were rescinded pursuant to the Consent Orders. Indeed, Plaintiff's letter of rescission stated that all obligations between the parties were rescinded, not just those contained in the Liquidity Agreement. Dkt. #2-3 at 24. Plaintiff does not address Count Two in its memorandum, and certainly does not explain how it can rescind the Employment Agreement and at the same time claim it is valid and binding.

The Court will grant Defendant's motion to stay Count Two. Plaintiff's claim for breach of the Employment Agreement falls squarely withing the arbitration provision of the Employment Agreement.

**IT IS ORDERED:**

1. Defendant's motion to stay this litigation in favor of arbitration (Dkt. #9) is **granted**.
2. Plaintiff's motion to stay the arbitration (Dkt. #13) is **denied**.

---

[4] Plaintiff argues in its Complaint that Defendant's arbitration claim violates 12 U.S.C. 1818(h) (Dkt. #2 ¶ 9), but does not make this argument in its brief, instead arguing that 12 U.S.C. 1818(i) applies. Subsection (h) applies only to parties to a consent order, not to third parties such as Defendant. 12 U.S.C. § 1818(h).

- 5 -

1  3. On or before December 14, 2007, the parties shall file a joint status report
2     concerning the status of the arbitration proceedings.
3  DATED this 29th day of June, 2007.

_____
David G. Campbell
United States District Judge

- 6 -